**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| FR 160 LLC,<br><br>    Appellant,<br><br>v.<br><br>Flagstaff Ranch Golf Club, et al.<br><br>    Appellees. | No. CV-13-08180-PCT-GMS<br><br>**ORDER** |

Appellant FR 160 LLC has filed an Emergency Motion for Stay Pending Appeal. (Doc. 11.) In the alternative, FR 160 LLC requests that the Court stay the bankruptcy court's Order Terminating Stay until the Court has an opportunity to decide FR 160's Motion for Leave to Appeal, (Doc. 2). Appellee Flagstaff Ranch Golf Club has opposed the Motion and requested leave to file excess pages. (Doc. 18.) The Court grants the Golf Club leave to file excess pages and has considered the lodged Response. (Doc. 17.) For the reasons described below, the Court stays the bankruptcy court's Order Terminating Stay pending the Court's ruling on the Motion for Leave to Appeal.[1]

**BACKGROUND**

FR 160, the Debtor in the underlying bankruptcy proceeding, has sought leave to appeal the bankruptcy court's denial of its Amended Plan of Reorganization. FR 160 owns 50 residential lots and a tract of land in Flagstaff, Arizona. Its largest creditor is the

---

[1] FR 160's request for oral argument is denied because the Parties have had an adequate opportunity to discuss the law and evidence and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

Golf Club, although a number of other claims have been filed in bankruptcy court. Litigation between FR 160 and the Golf Club produced a settlement agreement under which FR 160 delivered to the Golf Club promissory notes totaling $5,310,000, secured by the real property. In return, the Golf Club placed certain golf club memberships in escrow. FR 160 eventually ceased to pay membership dues, homeowner's association dues, and wastewater assessments. The Golf Club sought to foreclose on the deeds of trust, but FR 160 filed a voluntary bankruptcy petition on June 12, 2012.

The bankruptcy court rejected FR 160's first plan of reorganization in January 2013. FR 160 sought to amend its plan of reorganization and maintain the automatic stay under 11 U.S.C. § 362(a) that prevented the Golf Club from foreclosing on the real property. The bankruptcy court agreed to extend the stay but also entered an Adequate Protection Order. Under the Adequate Protection Order, FR 160 was to make certain monthly payments to the Golf Club, which included interest payments on the amount of $3,900,000, and a $15,000 monthly dues payment.

FR 160 filed an amended plan of reorganization on April 1, 2013. On June 18, 2013, after a one-day trial, the bankruptcy court again rejected that plan and cited two reasons that are at issue here: (1) FR 160 did not have an impaired accepted class under 11 U.S.C. § 1129(a)(10) because the deficiency claims of the property owners' association and utility should have been included with the general unsecured creditor class and one of the general creditors constituted an insider for purposes of voting on the plan; and (2) the new value contribution was *de minimis*. The bankruptcy court entered the order denying confirmation on June 26, 2013. In its Motion for Leave to Appeal, FR 160 seeks to challenge these rulings. That Motion is fully briefed and is pending with this Court.

On June 28, 2013, the Golf Club moved the bankruptcy court for stay relief. In short, the Golf Club sought, among other things, to terminate the automatic stay and allow the Golf Club to execute a trustee's sale of FR 160's real property and to terminate the escrow holding the golf club memberships. FR 160 cross-moved for a stay pending

1  appeal of the order denying confirmation. On August 8, 2013, the bankruptcy court held a
2  hearing on the motions where it granted in part the Golf Club's motion and denied FR
3  160's motion. The bankruptcy court terminated the automatic stay provisions of § 362 to
4  allow the Golf Club to exercise whatever rights it has as to the real property and golf club
5  memberships. As of this date, the bankruptcy court has not yet entered a formal Order
6  Terminating Stay. FR 160 asks this Court to stay the bankruptcy court's Order
7  Terminating Stay pending the appeal FR 160's appeal of the Order Denying Plan
8  Confirmation, or, in the alternative, staying the bankruptcy court's Order pending this
9  Court's resolution of FR 160's Motion for Leave to Appeal.

## DISCUSSION

### I.  LEGAL STANDARD

Four factors inform the analysis relating to a request for a stay pending appeal: (1) whether the appellant will suffer irreparable harm, (2) whether the appellee will suffer substantial harm as a result of the stay, (3) whether the appellant has shown that it is likely to succeed on the merits, and (4) whether a stay would be in the public interest. *In re Red Mountain Machinery Co.*, 451 B.R. 897, 899 (Bankr. D. Ariz. 2011) (citing *Leiva–Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011)). The Ninth Circuit's "sliding-scale" approach applies here, and thus "a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011); *see also In re Red Mountain*, 451 B.R. at 899 (applying sliding-scale to a stay pending appeal in bankruptcy proceeding). And so an appellant, who, for example, shows that the "hardship balance . . . tips sharply" in its favor need not show a substantial likelihood of success on the merits; in that situation, "serious questions going to the merits" will suffice. *Cottrell*, 632 F.3d at 1132.

### A.  Hardship Balance

Here, the hardship balance "tips sharply" in FR 160's favor. Absent a stay, it is undisputed that the Golf Club will execute a trustee's sale and foreclose on the entirety of FR 160's real property. Throughout the bankruptcy, FR 160 claims that it has paid the

Golf Club $458,258.95 to maintain the real property and preserve the ability to successfully reorganize. As a single-asset debtor, the loss of that real property would essentially terminate any hope of reorganization that FR 160 had. Without the real property and any sale proceeds, FR 160 would have little to no assets and would therefore lack the ability to successfully reorganize.

In contrast, the Golf Club has not shown that it will be significantly harmed by a stay. In its Response, the Golf Club claims that a continued stay pinches its revenue stream and that, as a result, it may be unable to fund certain golf course services going forward. The Golf Club has advanced no specific facts that support these allegations. The Golf Club also mentions "the possibility that [it] will have to turn to its members for money to keep up even skeletal operations." The Court is cognizant that FR 160 has already failed to present a confirmable plan twice, although the bankruptcy court's ruling on the last is subject to appeal, and that continued delay harms the Golf Club. Nevertheless, when compared with the certain loss of all substantial assets that FR 160 faces if no stay is granted, the Court concludes that the balance of harms tips in favor of FR 160.

### B.     Likelihood of Success on the Merits

Given that the "hardship balance . . . tips" in FR 160's favor, it need only show "serious questions going to the merits." *Cottrell*, 632 F.3d at 1132. Both FR 160 and Flagstaff Ranch have devoted substantial portions of their briefs to the actual merits of FR 160's potential appeal. The only motion before the Court, however, is FR 160's Motion for Leave to Appeal and it is the likelihood of success on that Motion that determines whether a stay will be granted at this point in the appeal.

FR 160 has shown at least "serious questions going to the merits" of his Motion for Leave. It appears that there is a serious dispute about whether the bankruptcy court properly applied the correct legal standard (one-prong instead of a two-prong approach) to determine whether FR 160 properly classified certain claims. *Cf. In re Loop 76, LLC*, 465 B.R. 525, 536 (B.A.P. 9th Cir. 2012). In addition, there is some evidence that the

1 bankruptcy court may have applied an improper legal standard regarding whether one of
2 the creditors was an insider. Flagstaff Ranch strongly contests these points, but FR 160
3 has shown that there are at least serious questions surrounding the merits of his Motion
4 for Leave to Appeal. That is all it must show at this point.

### C. Public Interest

As this is a case largely between two parties, the Golf Club has not shown that a stay would harm the public interest. Its reference to the interests of golf club members does not show harm to the public interest because, as the Golf Club admits, its members hold equity interests in the club.

### CONCLUSION

On the whole, FR 160 has shown that it likely to suffer irreparable harm that significantly outweighs the harm that Flagstaff Ranch would face if a stay was granted. In addition, there are at least serious questions surrounding FR 160's Motion for Leave to Appeal and the public is unlikely to be harmed by a stay. These facts justify staying the bankruptcy court's forthcoming Order Terminating Stay until this Court rules on FR 160's Motion for Leave to Appeal. In lieu of a bond, FR 160 shall continue paying the full Adequate Protection Payments to the Golf Club. Failure to make those payments shall be grounds for terminating the stay.

**IT IS THEREFORE ORDERED** that the Golf Club's Motion for Leave to File Excess Pages, (Doc. 18), is **GRANTED**. The Clerk of Court is directed to file the lodged Response.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1    **IT IS FURTHER ORDERED** that FR 160's Emergency Motion for Stay, (Doc. 11), is **granted as described herein.** The bankruptcy court's Order Terminating Stay is hereby stayed pending this Court's ruling on FR 160's Motion for Leave to Appeal, (Doc. 2).

Dated this 23rd day of August, 2013.

/s/ A. Murray Snow
G. Murray Snow
United States District Judge