WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| FR 160 LLC, | No. CV-13-08180-PCT-GMS |
| Appellant, | **ORDER** |
| v. | |
| Flagstaff Ranch Golf Club, et al. | |
| Appellees. | |

Pending before the Court are Appellant FR 160, LLC's Motion for Leave to Appeal Order Denying Confirmation of Debtor's Amended Plan of Reorganization Dated April 1, 2013, (Doc. 2), and Flagstaff Ranch Golf Club's Motion for an Order: Reconsidering the Stay Order or in the Alterative Setting Conditions to the Continuance of the Stay Pending Appeal, (Doc. 28).[1] For the reasons discussed below, Appellant's Motion is granted. The stay imposed by this Court on the bankruptcy court's Order Terminating Stay, (Doc. 20), is extended through the duration of this appeal. The Motion for an Order: Reconsidering the Stay Order is denied.

## BACKGROUND

The bankruptcy court denied confirmation of FR 160's second Chapter 11 bankruptcy plan, and FR 160 filed a motion seeking permission from this Court to hear

---

[1] FR 160 requested oral argument on this motion. (Doc. 9.) The request is denied because the parties have had an adequate opportunity to discuss the law and evidence and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

its appeal from that ruling. (Doc. 2.) FR 160 suggested that this denial would lead to a lifting of the automatic stay, (Doc. 2. at 8–9), which in fact occurred. FR 160 then asked this Court to stay the bankruptcy court's Order Terminating Stay. (Doc. 11.) This Court granted a stay, pending this order, and the relevant facts and procedural history in this matter are set forth in greater detail in that order. (Doc. 20.)

FR 160 seeks to appeal the Bankruptcy Court's denial of confirmation on three grounds: the standard used to determine an "insider" within the context of § 1129(a)(10); the test used to determine whether claims may be separately classified under § 1122; and the determination on the new value corollary to the absolute priority rule. (Doc. 2 at 7–15.) Flagstaff Ranch Golf Club ("Flagstaff Ranch") filed a motion in opposition to granting leave to appeal, but requested that in the event that leave to appeal was granted that it be allowed to cross appeal on the issue of "whether a partial lien release can be reinstated after default without violating *RadLAX*." (Doc. 8, at 19.) FR 160 has no objection to the cross appeal. (Doc. 9, at 11 n.33.)

Flagstaff Ranch additionally filed a motion seeking reconsideration of this Court's stay on the bankruptcy court's Order Terminating Stay. (Doc. 28.) In the event that leave to appeal is granted, Flagstaff Ranch also asks that such leave be conditioned on compliance with the Adequate Protection Order and the payment of a bond. (*Id.*)

**DISCUSSION**

**I.      Jurisdiction over FR 160's Appeal**

District courts have appellate jurisdiction over "final judgments, orders, and decrees" entered by a bankruptcy court. 28 U.S.C. § 158(a)(1). If an appellant is appealing an interlocutory order of the bankruptcy court, the appellant must seek leave from the district court prior to filing a motion to appeal an interlocutory order. 28 U.S.C. § 158(a)(3); Fed. R. Bankr. P. 8001(b). While district courts must hear appeals from final decisions, they have discretionary authority to hear interlocutory appeals. *In re City of Desert Hot Springs*, 339 F.3d 782, 787 (9th Cir. 2003).

Some types of orders are generally considered interlocutory and others are

typically final. Orders denying confirmation of a Chapter 11 plan are interlocutory, *In re Lievsay*, 118 F.3d 661, 662 (9th Cir. 1997); but, "a decision granting or denying relief from a § 362(a) automatic stay constitutes a final order," *In re Excel Innovations, Inc.*, 502 F.3d 1086, 1092 (9th Cir. 2007).

In general, the Ninth Circuit determines the final or interlocutory nature of an order using the concept of "flexible finality," which focuses upon whether the order affects substantive rights and finally determines a discrete issue. *In re Belli*, 268 B.R. 851, 854 (B.A.P. 9th Cir. 2001). "We have adopted a 'pragmatic approach' to finality in bankruptcy . . . [that] emphasizes the need for immediate review, rather than whether the order is technically interlocutory." *Bonham v. Compton (In re Bonham)*, 229 F.3d 750, 761 (9th Cir. 2000) (internal quotation marks omitted). "[A] bankruptcy court order is considered to be final and thus appealable where it 1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed." *Id.* (internal quotation marks omitted); *see also Allen v. Old Nat'l Bank of Wash. (In re Allen)*, 896 F.2d 416, 418 (9th Cir. 1990) (per curiam) ("Bankruptcy orders that determine and seriously affect substantial rights can cause irreparable harm if the losing party must wait until bankruptcy court proceedings terminate before appealing.").

This Circuit not only applies flexible finality, but it will also sometimes consider an appeal that is interlocutory when made as having become final as a result of decisions subsequent to the filing of the appeal. *In re Rains*, 428 F.3d 893, 901 (9th Cir. 2005) ("once a final judgment is entered, an appeal from an order that otherwise would have been interlocutory is then appealable" (quoting *Eastport Assocs. v. City of Los Angeles*, 935 F.2d 1071, 1075 (9th Cir. 1991))). Unlike this Court, the Ninth Circuit can only hear bankruptcy appeals from final orders and so it is typically without jurisdiction to hear an appeal from an interlocutory order. *Id.* at 900. In *Rains*, the court found that it had jurisdiction over an appeal that was initially made from an interlocutory order because "subsequent events can validate a prematurely filed appeal." *Id.* at 901 (quoting *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1402 (9th Cir. 1988)). A final judgment had

later been entered, and the court exercised jurisdiction over the appeal as a final order. *Id.*

If the order is not final, the applicable rules do not provide any particular standard for evaluating a motion for leave to appeal. Fed. R. Bankr. P. 8003. However, leave to appeal, under section 158(a)(3), is usually considered by the standards set forth in 28 U.S.C. § 1292(b), including whether the "order on appeal involves a controlling question of law as to which there is a substantial ground for difference of opinion and whether an immediate appeal may materially advance the ultimate termination of the litigation" and also "whether denying leave will result in wasted litigation and expense." *See In re Roderick Timber Co.*, 185 B.R. 601, 604 (B.A.P. 9th Cir. 1995).

Here, the denial of confirmation of the second plan was almost a final order to begin with and could be considered as having become final after the order lifting the automatic stay. Even if this Court is not required to take this appeal as a final order, the fact that the finality of the order is such a close question weighs heavily in favor of this Court exercising its discretionary jurisdiction over an appeal that is only nominally interlocutory.

Although the denial of a plan has been held to be an interlocutory order, the principle of flexible finality weighs against per se, categorical classifications. This was the second denial of a plan, the bankruptcy court indicated that it would not be necessary to go through another plan before the court considered lifting the automatic stay, and the court even discussed case law that would support removing the stay in a case like this. Again, technically a third plan could have been filed, but the strong indication was that the court had definitively found FR 160's plans not to be confirmable. This seriously affected FR 160's rights. Although it did not finally determine whether a plan could ever be confirmed, it did finally determine the three discreet issues preventing confirmation on which FR 160 appeals.

If the order was interlocutory when filed, the subsequent order lifting the stay made the denial of plan reviewable as a final order. Lifting of the automatic stay is a final order because for all intents and purposes it closes the door on any opportunity to

1 reorganize, especially for FR 160, a single asset debtor with no other means of income. FR 160 could have filed a new appeal with this Court based on the final order lifting the stay, but that appeal would focus on the same legal issues raised here about the denial of plan confirmation. The Ninth Circuit has allowed such technically interlocutory bankruptcy appeals to be considered as final, and this Court, sitting as an appellate court over the bankruptcy court, can do the same.

Finally, even if this Court does not have to accept this appeal as one made from a final order under 28 U.S.C. § 158(a)(1), it chooses to accept it as an interlocutory appeal under § 158(a)(3). The considerations from 28 U.S.C. § 1292(b) support this conclusion. As just discussed, an appeal resolving the legal issues raised by FR 160 is necessary to the ultimate termination of the litigation in this case, and refusing to accept jurisdiction over the matter now, only to accept it after FR 160 refiles based on the final order lifting stay would result in wasted litigation and expense. The three legal issues raised are the reasons the bankruptcy court gave for denying the plan, and so they are the controlling issues of law in this case. The parties have filed briefs outlining good faith arguments about the applicable legal standards. These arguments primarily reference cases from other circuits and the Ninth Circuit's Bankruptcy Appellate Panel, indicating that there is no controlling precedent on these issues. This Court finds that there is substantial ground for a difference of opinion on these issues.

Therefore, the Motion for Leave to Appeal is granted and the stay imposed by this Court is extended through the duration of its consideration on this matter.

**II.    Flagstaff Ranch's Requests**

Flagstaff Ranch made several requests in the event that this Court granted leave to hear the appeal, which it has now done. The first was to allow Flagstaff Ranch to cross appeal on the issue of "whether a partial lien release can be reinstated after default without violating *RadLAX*." (Doc. 8, at 19.) FR 160 has no objection, (Doc. 9, at 11 n.33), and permission to file a cross appeal is granted. The second and third are both requests for reconsideration.

1 Under Rule 59(e), a motion for reconsideration may be granted only on one of four grounds, "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotations and emphasis omitted). Motions for reconsideration are disfavored and are not the place for parties to make new arguments not raised in their original briefs and arguments. *See Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir. 1988). Nor should such motions ask the Court to "rethink what the court has already thought through—rightly or wrongly." *United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D. Ariz. 1998) (quoting *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

Flagstaff Ranch filed a lengthy motion seeking reconsideration of the Court's order staying the bankruptcy court's order. In addition to asking for a general reconsideration of the entire order, it specifically asks that the Court amend the order so as to allow the transfer of certain cash currently held in escrow. Flagstaff Ranch argues generally that it did not have adequate time to prepare detailed factual support for its previous motion in opposition to the stay. It also argues that circumstances with its lender have changed, constituting newly discovered and previously unavailable evidence.

This Court declines to reconsider its order and as noted above, now extends that order through the duration of the appeal in this Court. Most of the facts discussed in the Motion for Reconsideration are not new. The only new and previously unavailable evidence is that the lender has terminated an agreement about the use of cash collateral and that it "will be left with no alternative but to consider demanding payment in full" if the matter is not resolved before the end of this year. (Doc. 25-2 ¶ 11.) The brief conflates amounts owed to several entities and at least once incorrectly or misleadingly claims all of those amounts as the "Total Loss to Golf Club." (Doc. 25, at 13:18.) The projected

future losses may be based in part on the mistaken understanding that this Court's previous order did not require continued compliance with the Adequate Protection Order of the bankruptcy court. There is simply not enough new or reliable information presented to convince the Court to rethink what it has already thought through.

In the alternative, Flagstaff Ranch requests that this Court impose several conditions on its order staying the bankruptcy court's order. These include requiring that FR 160 complies with the bankruptcy court's Adequate Protection Order and that it post a bond. Contrary to the arguments made in the brief, this Court has already addressed these issues in its previous order and this alternative relief is actually just another request for reconsideration. Specifically, the Court's order provides that "[i]n lieu of a bond, FR 160 shall continue paying the full Adequate Protection Payments to the Golf Club. Failure to make those payments shall be grounds for terminating the stay." (Doc. 20, at 5) For the reasons just explained, this Court will not reconsider its previous order. The same conditions imposed in the original order granting the stay remain in effect during its extension to cover the appeal in this Court.

**IT IS THEREFORE ORDERED** that Appellant's Motion for Leave to Appeal, (Doc. 2.) is **granted**. Flagstaff Ranch is permitted to cross appeal on the issue it raised in its Response.

**IT IS FURTHER ORDERED** that the stay imposed by this Court on the Bankruptcy Court's Order Terminating Stay, (Doc. 20), is extended through the remainder of this Court's consideration of the appeal herein granted.

**IT IS FURTHER ORDERED** that Flagstaff Ranch Golf Club's Motion for an Order: Reconsidering the Stay Order or in the Alterative Setting Conditions to the Continuance of the Stay Pending Appeal, (Doc. 28), is **denied**.

Dated this 7th day of November, 2013.

*/s/ A. Murray Snow*
G. Murray Snow
United States District Judge